AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CIMINO BROKERAGE COMPANY,<br><br>    Debtor.<br>_____/ | Case No. 09-60291 ASW<br>(Chapter 11 Proceeding)<br><br>R.S. No. APN-1442<br><br>MOTION BY FORD MOTOR CREDIT COMPANY, FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION RE: 2008 FORD EXPLORER V.I.N. 1FMEU63E08UA04845)<br>[11 U.S.C. §362(d)(1) and (d)(2)]<br><br>Date: May 18, 2010<br>Time: 2:00 pm<br>Judge: Arthur Weissbrodt<br>Ctrm: #3020,<br>    280 S. First Street,<br>    San Jose, CA |

      This is a core proceeding as defined by the <u>United States Bankruptcy Code</u> and this creditor consents to a final Order or Judgment by the above-entitled Court.

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq.

PLEASE TAKE NOTICE as specified above, FORD MOTOR CREDIT COMPANY (hereinafter referred to as "Secured Creditor"), a secured creditor of Debtor, CIMINO BROKERAGE COMPANY (hereinafter referred to as "Debtor") will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2008 Ford Explorer (V.I.N. 1FMEU63E08UA04845) (hereinafter referred to as the "property"), so Secured Creditor's interest in and to the property may be foreclosed or otherwise disposed of in any manner permitted by the laws of the State of California.

PLEASE TAKE FURTHER NOTICE there is no provision under the prevailing contractual agreement or under California State law which requires Secured Creditor to send monthly invoices or payment coupons and Secured Creditor contends that upon assignment of the contract to Secured Creditor Debtor was, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent. Additionally, Secured Creditor contends Debtor was also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

PLEASE TAKE FURTHER NOTICE that as specified above, pursuant to the terms of the prevailing contractual agreement, Secured Creditor, an oversecured creditor hereunder, will move the above-captioned Court to award it reasonable attorneys' fees, as incurred herein, pursuant to 11 U.S.C. §506(b) and the applicable provisions of the prevailing contractual agreement.

This Motion is made on the grounds the prevailing contractual agreement is in default and Secured Creditor is without adequate protection because the monthly payments due thereunder are delinquent and Debtor is still in possession of the property.

Accordingly, Secured Creditor cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Secured Creditor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. §362.

Secured Creditor will move the above-captioned Court to exercise its jurisdiction in this matter and grant Secured Creditor immediate relief from the pending automatic stay provisions which will allow Secured Creditor to take immediate possession of the property and dispose of the same during the normal course of business.

Secured Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Secured Creditor's request for relief is filed separately herewith and is incorporated herein by reference.

Also, Secured Creditor will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Hearing, the Motion, the Declaration of Barbara Codd, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Secured Creditor respectfully prays that this Court:

1. Vacate the automatic stay provisions effected under 11 U.S.C. §362, along with any and all other stays which might be in effect, so as to allow Secured Creditor to enforce its rights and remedies under the parties' original, contractual agreement and thereby allow Secured Creditor to gain immediate possession of the property and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute;

3. Award Secured Creditor payment of such attorneys' fees and costs as may be reasonable pursuant to 11 U.S.C. §506(b) and pursuant to the applicable provisions of the prevailing contractual agreement;

4. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

5. Grant such other and further relief as the Court may deem just and proper.

Dated: April 21, 2010     LAW OFFICES OF
                          AUSTIN P. NAGEL


                          /s/ Austin P. Nagel
                          Attorneys for Secured Creditor,
                          FORD MOTOR CREDIT COMPANY

FBKE.1597