| | |
|---|---|
| 1 | JAMES A. TIEMSTRA (Bar No. 96203) |
| | LISA LENHERR (Bar No. 258091) |
| 2 | LAW OFFICES OF JAMES A. TIEMSTRA |
| | Tribune Tower |
| 3 | 409 Thirteenth Street, 15th Floor |
| | Oakland, CA 94612 |
| 4 | Telephone No.: (510) 987-8000 |
| | Facsimile No.: (510) 987-8001 |
| 5 | E-mail: jat@tiemlaw.com |
| 6 | Attorneys for Secured Creditor |
| | TIN INC., dba TEMPLE-INLAND |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 09-60291 ASW 11 |
| CIMINO BROKERAGE COMPANY dba CIMINO BROTHERS PRODUCE, | Chapter 11 Case |
| Debtor. | TIN INC.'S SUPPLEMENTAL OBJECTIONS TO CONFIRMATION OF PLAN OF REORGANIZATION DATED AS OF JUNE 16, 2010 |
| | DATE: August 27, 2010 |
| | TIME: 9:00 a.m. |
| | LOCATION: Judge Arthur S. Weissbrodt |
| | 280 South First Street |
| | Courtroom 3020 |
| | San Jose, California 95113 |

COMES NOW, TIN INC., dba TEMPLE-INLAND ("TIN"), secured creditor of the above-captioned debtor ("Debtor"), and submits the following supplemental objections to confirmation of Plan of Reorganization Dated as of June 16, 2010, (the "Plan"):

## PRELIMINARY STATEMENT

At the hearing held on July 29, 2010, this Court continued the hearing on confirmation of the Plan to August 27, 2010, because the Court required the Debtor to supply two vital pieces of information: personal statements of assets and liabilities pursuant Bankruptcy Rule 1007(g), and evidence of the new value contribution. TIN submits that, not only has the Debtor failed to comply with this Court's mandate, but TIN's objections to confirmation remain unresolved.

## STATEMENT OF FACTS

On or about January 28, 2008, TIN extended credit to the above-referenced debtor (the "Debtor"). (*See* Docket No. 56, filed Jan. 5, 2010, (Stipulation for Interim Use of Cash Collateral and Adequate Protection).) In order to insure repayment of the indebtedness and performance of the obligations of the Debtor to TIN, the Debtor granted to TIN a security interest in the Debtor's equipment, contract rights, inventories, receivables, and proceeds of sales. (Docket No. 56-1, filed Jan. 4, 2010, (Security Agreement).) TIN's Security Interest was fully perfected on or about February 11, 2008. (*See* Docket No. 56-2, filed Jan. 4, 2010, (UCC-1).)

On November 24, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and an Order for Relief was entered on that date (the "Petition Date"). The Debtor is and remains the debtor-in-possession herein. On June 29, 2010, this Court entered an Order Approving (1) Second Amended Disclosure Statement Describing Debtor's Plan of Reorganization Dated as of June 16, 2010, (the "Disclosure Statement"); and (2) Solicitation and Confirmation Procedures. (Docket No. 147, filed June 29, 2010.)

At the initial day of the confirmation hearing, Vincent Cimino, under examination first testified that the Debtor's Mexican subsidiary had no value, but under cross-examination admitted that the Debtor's own liquidation analysis showed that it could have a liquidation value of as high as $366,000.00. By the end of the day, the Debtor admittedly had not obtained its new

value contribution, had not provided adequate personal financial statements of it principals and had failed to prove that TIN's claim was unsecured. Therefore, the hearing was continued to August 27, 2010.

## OBJECTIONS

### I. THE PERSONAL STATEMENTS OF THE DEBTOR'S PRINCIPALS ARE INADEQUATE

In connection with the hearing on approval of the Disclosure Statement in this case, the principals of the Debtor were directed to submit personal statements of assets and liabilities in accordance with Bankruptcy Rule 1007(g). The Rule provides in pertinent part:

> (g) *Partnership and Partners.* The general partners of a debtor partnership should prepare and file the list required under subdivision (a), the schedules of the assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs of the partnership. The court may order any general partner to file a statement of personal assets and liabilities within such time as the court may fix.

FRBP 1007 (g). Here, the principals of the Debtor filed virtually identical one or two page statements to the one or two page statements filed in connection with the initial hearing on the disclosure. What the principals failed to understand is that the Rule has long been interpreted as requiring schedules of assets and liabilities in the same manner as required of the Debtor itself.[1] Here, the principals of the Debtor have hardly provided any more information than at the hearing on disclosure, and most certainly have not complied with the dictates of the Rule. Indeed, the Court needs this information to enable it to determine whether the Plan is in the best interests of creditors. *See, In re Diversified Investors Fund XVII*, 91 B.R. 559, 562 (Bankr. C.D. Cal 1988).

### II. THE PLAN CANNOT BE CONFIRMED IN THE ABSENCE OF THE NEW VALUE PAYMENT.

---

[1] The predecessors to the Rule were General Order VIII and Rule 108(c) of the Rules of Bankruptcy Procedure from the early years of the Bankruptcy Act of 1898, which required a non-adjudicated in bankruptcy member of an adjudicated partnership to file a schedule of his debts and an inventory of his property in the same manner as if he had been individually adjudicated. Advisory Committee's Note to Rule 108, *Subdivision(c)* of the Rules of Bankruptcy Procedure.

The Debtor has yet to demonstrate that it has received the new value contribution called for under the terms of the Plan. In the absence of the new value contribution, the Plan is unconfirmable.

### III. THE TREATMENT OF TIN'S CLAIM IS UNCONFIRMABLE BECAUSE TIN ELECTED TREATMENT UNDER SECTION 1111(B) AND THE DEBTOR HAS FAILED TO OBJECT TO TIN'S SECURED CLAIM.

TIN filed a Proof of Claim in this case on March 15, 2010, which was docketed as Claim No. 57. The filed Proof of Claim is in the amount of $916,554.04, secured by personal property more particularly described in the Security Agreement and UCC Financing Statement attached thereto. The evidentiary effect of the filing of the Proof of Claim is that it constitutes "prima facie evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f). No objection to the Proof of Claim was ever filed in this case in accordance with the requirements of Bankruptcy Rule 3007.[2] Therefore, the claim is deemed allowed as a matter of law pursuant to 11 U.S.C. § 502(a).

At the June 16, 2010, Disclosure Statement Hearing, TIN elected to make the section 1111(b)(2) election. *See,* 11 U.S.C. § 1111(b)(2). As a result, TIN's entire claim is allowed as a fully secured claim. Therefore, not permitting treatment of TIN's secured claim as set forth in the Plan is patently unconfirmable.

### IV. THE INJUNCTIVE PROVISIONS OF THE PLAN ARE CLEARLY IMPROPER AND UNCONFIRMABLE.

The Plan provides for a discharge injunction that prohibits "continuing in any manner any action or other proceeding of any kind on any such Claim or Interest against the Debtor, its estate, or the Reorganized Debtor." (Plan § V(B).) The injunction also prohibits a creditor from "asserting any right of setoff, subrogation or recoupment." *(Id.)* These provisions fly in the face of well-established bankruptcy law allowing the offset of mutual prepetition debts. 11 U.S.C. § 553(a). In this case, TIN's allowed secured claim must be paid by the debtor in full

---

[2] . If the Debtor objects to allowance of TIN's claim and requests a determination of its secured status under section 506, the contested matter would automatically convert to an adversary proceeding. *In re Mathiason,* 16 F. 3d 234 (8th Cir. 1994); *accord, In re Robinson,* 217 B.R. 527 (Bankr. E.D. Tex 1998)

and, to the extent not paid, exists as an offset against any claims that the Debtors may assert against it. Otherwise, the provisions of the Plan are simply contrary to bankruptcy law.

## V.     INCORPORATION OF PLAN OBJECTIONS

To the extent that this Court has not ruled on any issues relating to confirmation of the Plan, TIN hereby incorporates and reasserts all of its arguments contained in the objections filed by TIN on July16, 2010. Indeed, the contradictory and inconsistent testimony of Vincent Cimino at the July 29, 2010, hearing was not credible and appeared to be scripted to support the Debtor's assertions on the feasibility and confirmability of its plan. TIN submits that the testimony elicited from Mr. Cimino was insufficient to establish an evidentiary basis for confirmation, and therefore, confirmation should be denied.

## CONCLUSION

For all of the foregoing reasons, TIN respectfully submits that this Court should make and enter an Order denying confirmation of the Plan of Reorganization, dated as of June 16, 2010, and grant such other and further relief as the Court deems proper.

Dated: August 20, 2010

LAW OFFICES OF JAMES A. TIEMSTRA

By: _____
JAMES A. TIEMSTRA
Attorneys for Secured Creditor
TIN INC., dba TEMPLE-INLAND