DAVID B. GOLUBCHIK (SBN 185520)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO
   & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Debtor
and Debtor in Possession

IT IS SO ORDERED.
Signed August 31, 2010

**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

**CIMINO BROKERAGE COMPANY dba**
**CIMINO BROTHERS PRODUCE**,

   Debtor and
   Debtor in Possession.

CASE NO. 5:09-bk-60291

Chapter 11

Final Plan Confirmation Hearing:
Date: August 27, 2010
Time: 10:00 a.m.
Place: Courtroom "3035"
      280 South First St.
      San Jose, CA 95113

**ORDER RE: CONFIRMATION OF FIRST AMENDED PLAN OF REORGANIZATION**
**DATED AS OF JUNE 16, 2010**

1

Hearings were held on July 29, 2010 at 8:30 a.m. and August 27, 2010 at 10:00 a.m. (the "Hearings") to consider confirmation of the First Amended Plan of Reorganization Dated as of June 16, 2010 (the "Plan") proposed by Cimino Brokerage Company dba Cimino Brothers Produce, Chapter 11 Debtor and Debtor in Possession in the above-captioned Chapter 11 Case (the "Debtor"). Appearances at the Hearings were as set forth on the Court's record.

This Court, having considered the Plan, the tabulation of ballots in connection with the Plan, objections to confirmation of the Plan, the Debtor's Memorandum of Points and Authorities in support of confirmation of the Plan, and the supplements thereto, responses to objections to confirmation of the Plan and proposed modifications thereto, as well as all evidence in support thereof, the statements, representations and argument of counsel at the Hearings on plan confirmation, including live in-court testimony of Vincent Cimino, the entire record in this case, proper notice of Plan confirmation and the hearing on Plan confirmation having been provided, and good cause appearing therefore, and further based on the Court's findings of fact and conclusions of law stated on the record at the Hearings, which are incorporated herein by this reference,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

1. The Debtor satisfied each and every requirement of Sections 1129(a) and 1129(b) of Title 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") necessary for this Court to confirm the Plan, as modified herein (the "Modified Plan").

2. The Modified Plan complies with the provisions of Section 1122(a) of the Bankruptcy Code in that the Modified Plan places "a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class."

3. The Modified Plan complies with the provisions of Section 1123(a)(1) of the Bankruptcy Code in that the Plan designates classes of claims other than claims of the kind specified in Section 507(a)(1), (2) and (8) of the Code and classes of interests.

4. The Modified Plan complies with the provisions of Section 1123(a)(2) of the Bankruptcy Code in that the Modified Plan specifies those classes of claims or interests that are not impaired.

5. The Modified Plan complies with the provisions of Section 1123(a)(3) of the Bankruptcy Code in that the Modified Plan specifies those classes of claims or interests that are impaired.

6. The Modified Plan complies with the provisions of Section 1123(a)(4) of the Bankruptcy Code in that the Modified Plan provides the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agreed to less favorable treatment.

7. The Modified Plan complies with the provisions of Section 1123(a)(5) of the Bankruptcy Code in that the Modified Plan provides adequate means for the Modified Plan's implementation, as (a) the Debtor has already provided $100,000 of the $350,000 cash infusion (the "Cash Infusion") which is to be used to make an initial distribution to Class 16 holders of allowed general unsecured claims and, (b) the professionals employed by the estate (Levene, Neale, Bender, Yoo & Brill L.L.P., bankruptcy counsel to the Debtor, Crowe Horwath LLP, accountants to the Debtor, and Manasian & Rougeau, LLP, bankruptcy counsel to the Creditors' Committee (collectively, the "Professionals")) which are to receive distributions on their administrative claims from the remaining $250,000 of the Cash Infusion, have all agreed to defer the payment of their administrative claims, provided that the Debtor's general partners (Vincent Cimino, Stephanie Cimino and Armand Cimino) agree that the foregoing professionals may look to each of the three (3) general partners, jointly and severally for the payments.

Case: 09-60291    Doc# 175    Filed: 08/31/10    Entered: 08/31/10 14:36:37    Page 3 of 18

8. The Modified Plan complies with the provisions of Section 1123(a)(6) of the Bankruptcy Code in that the Modified Plan provides for appropriate distribution of power among all voting equity classes.

9. The Modified Plan complies with the provisions of Section 1123(a)(7) of the Bankruptcy Code in that the Modified Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee.

10. The Modified Plan complies with the provisions of Section 1123(b)(1) of the Bankruptcy Code in that the Modified Plan either impairs or leaves any class of claims, whether secured or unsecured, or of interests, unimpaired under the Modified Plan.

11. The Modified Plan complies with the provisions of Section 1123(b)(2) of the Bankruptcy Code in that the Plan provides for the assumption, rejection or assignment of any executory contract or unexpired lease not previously rejected.

12. The Modified Plan complies with the provisions of Section 1123(b)(3) of the Bankruptcy Code in that the Debtor's proposed modifications to the Plan provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate," and/or "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest."

13. Section 1123(b)(4) of the Bankruptcy Code is inapplicable to the Modified Plan.

14. The Modified Plan complies with the provisions of Section 1129(a)(1) of the Bankruptcy Code in that the Modified Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

15. The Modified Plan complies with the provisions of Section 1129(a)(2) of the Bankruptcy Code in that the Debtor has complied with the applicable provisions of Chapter 11 of

the Bankruptcy Code.

16. The Modified Plan complies with the provisions of Section 1129(a)(3) of the Bankruptcy Code in that the Debtor has proposed the Modified Plan in good faith and not by any means forbidden by law.

17. The Modified Plan complies with the provisions of Section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made under the Modified Plan for services or for costs and expenses in or in connection with the Debtor's case, or in connection with the Modified Plan and incident to the Debtor's case, has been approved by, or is subject to the approval of, this Court as reasonable.

18. The Modified Plan complies with the provisions of Section 1129(a)(5)(A) of the Bankruptcy Code in that (a) the Debtor disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Modified Plan, as a director, officer, or voting trustee of the Reorganized Debtor, and (b) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy.

19. The Modified Plan complies with the provisions of Section 1129(a)(5)(B) of the Bankruptcy Code in that the Modified Plan discloses "the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider."

20. Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Modified Plan.

21. The Modified Plan complies with the provisions of Section 1129(a)(7) of the Bankruptcy Code in that in that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has either (a) accepted the Plan or (b) will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of

the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

22. The liens of Wells Fargo, N.A. on substantially all of the Debtor's collateral are senior to any liens of Temple-Inland, Inc. ("Temple"). Temple does not have a lien on any property that is not subject to the senior liens of Wells Fargo, N.A. The collateral securing Wells Fargo, N.A.'s is worth less than Wells Fargo, N.A.'s claim. In consideration of the foregoing, there is no collateral to secure Temple's claim (the "Temple Claim"). Therefore, (a) pursuant to Section 1111(b)(1)(B)(i), Temple is prohibited from making an election under Section 1111(b)(2), (2) the Temple Claim will be treated as a Class 16 general unsecured claim, and (3) Temple will be deemed to have voted to reject the Plan as a Class 16 creditor.

23. The Modified Plan does not comply with the provisions of Section 1129(a)(8) of the Bankruptcy Code in that, while impaired Classes 3, 4, 15 and 16 have accepted the Modified Plan, even after considering the Class 16 vote of Temple to reject the Plan, Classes 5, 8, 10, 11, 12, 13, 14, and 17 (collectively, the "Rejected Impaired Classes") have not accepted the Modified Plan; however, as discussed below, the Modified Plan does comply with the Bankruptcy Code with respect to the Rejected Impaired Classes, which have not accepted the Modified Plan.

24. The Modified Plan complies with the provisions of Section 1129(a)(9) of the Bankruptcy Code.

25. The Modified Plan complies with the provisions of Section 1129(a)(10) of the Bankruptcy Code in that at least one class of claims that is impaired under the Modified Plan has accepted the Modified Plan, determined without including any acceptance of the Modified Plan by any insider.

26. The Modified Plan complies with the provisions of Section 1129(a)(11) of the Bankruptcy Code in that the Modified Plan is feasible and confirmation of the Plan is not likely to

be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Modified Plan.

27. The Modified Plan complies with the provisions of Section 1129(a)(12) of the Bankruptcy Code in that all fees payable under Section 1930 of Title 28 have been paid or the Modified Plan provides for the payment of all such fees on the Effective Date of the Plan.

28. Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Modified Plan.

29. The Modified Plan complies with the provisions of Section 1129(b)(1) of the Bankruptcy Code with respect to Rejected Impaired Classes, the only Classes which have not accepted the Modified Plan, in that the Rejected Impaired Classes are not being discriminated against and are being accorded "fair and equitable" treatment under the Modified Plan pursuant to Section 1129(b)(2)(C)(ii) of the Bankruptcy Code.

30. The primary purpose of the Modified Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, as amended, and there has been no objection filed by any governmental unit asserting such avoidance. Thus, the Modified Plan complies with Section 1129(d) of the Bankruptcy Code.

31. The following proposed modifications to the Plan should be approved as nonmaterial modifications:

    a. The Class 15.1 Temple Claim will be treated as a Class 16 claim.

    b. With respect to treatment of claim of Wells Fargo Bank, N.A., the modifications set forth in Exhibit "A" hereto and incorporated herein by this reference.

    c. <u>Post-Confirmation Status Reports</u>. Within 30 days following the end of the calendar quarter in which the plan was confirmed, the Debtor shall file a post-confirmation report ("Quarterly Report") in a format provided by the United States

7

Case: 09-60291    Doc# 175    Filed: 08/31/10    Entered: 08/31/10 14:36:37    Page 7 of 18

Trustee. Subsequent Quarterly Reports must be filed within 30 days following the end of each subsequent calendar quarter until entry of a final decree, unless otherwise ordered by the court. A copy of each Quarterly Report shall be served, no later than the day upon which it is filed with the court, upon the United States Trustee and such other persons or entities as may request such reports in writing by special notice filed with the court.

d. <u>Quarterly Fees</u>. The Reorganized Debtor shall be responsible for timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. Section 1930(a)(6).

e. After the Effective Date, the Debtor's legal status will be changed to Cimino Brothers Produce, LLC, a California limited liability company.

f. After the Effective Date of the Plan, 100% equity interest in the Reorganized Debtor shall be owned by Calabrese LLC, a California limited liability company.

g. In the event that the $250,000 portion of the Cash Infusion allocated for the payment of the administrative claims of professionals employed by the estate is not paid in full promptly, the Reorganized Debtor and each of the professionals employed by the estate shall have direct claims against the Debtor's general partners, Vincent Cimino, Stephanie Cimino and Armand Cimino, jointly and severally, for any unpaid portion of the $250,000 Cash Infusion.

32. Based on the foregoing, the Modified Plan should be confirmed pursuant to the provisions of Section 1129(a) and (b) of the Bankruptcy Code as the Debtor has satisfied each and every applicable provision of Section 1123 and Section 1129 of the Bankruptcy Code.

33. All notices required to be given or provided in connection with the Modified Plan were given in accordance with the Bankruptcy Code and the Bankruptcy Rules and such notice was

8
Case: 09-60291    Doc# 175    Filed: 08/31/10    Entered: 08/31/10 14:36:37    Page 8 of 18

appropriate under the particular circumstances of this case in accordance with Section 102(1)(A) of the Bankruptcy Code and otherwise.

**BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:**

A. Temple's objections to the confirmation of the Plan related to (1) the treatment of the Temple Claim pending any objection thereto, (2) the requirements that must be met before the Debtor can make any payments for fees and expenses incurred after the Petition Date and before the Effective Date (the "Covered Period") to counsel ("Laredo Counsel") that is representing the Debtor in the district court action originally initiated by the Debtor against Temple in the United States District Court in Laredo, Texas, and (3) the affect of confirmation of the Modified Plan on setoff rights are hereby sustained. Unless and until there is any objection to the Temple Claim, Temple shall be entitled to share in distributions to other Class 16 creditors as set forth in the Plan. Unless and until Laredo Counsel obtains this Court's approval of its employment during the Covered Period and the fees and expenses incurred during the Covered Period, the Debtor shall not make any payments to Laredo Counsel on account of such fees and expenses. Notwithstanding any provisions in the Modified Plan, Temple, shall retain all setoff rights to the extent allowed under Section 553 and applicable law

B. Other than as set forth immediately above in Paragraph A, all objections asserted in opposition to confirmation of the Modified Plan are hereby overruled.

C. The Modified Plan is hereby confirmed pursuant to Section 1129(a) of the Bankruptcy Code.

D. Provided that the Debtor has come current with its Monthly Operating Report and Quarterly Fee requirements, the Effective Date of the Plan shall be the first business day of the first full calendar month following the date of the entry of this Order unless there is a stay in effect, in

9

which case the Effective Date shall be the first business day after the stay is no longer in effect with respect to the Plan Confirmation Order.

E. The Debtor's schedule of leases and executory contracts to be assumed, as well as proposed cure amounts, are hereby approved, provided that, with respect to the executory contracts of General Electric Capital Corporation("GECC"), following are the contracts to be assumed by the Debtor and the "cure" amount required to be paid to GECC in connection with such assumption:

- Lease 8348033001 with GECC. Upon confirmation, $4,001.05 shall be paid as the cure amount; and
- Master lease 8412741 with NMHG. Upon confirmation, $1,734.73 shall be paid as the cure amount.

F. Other than the executory contracts and unexpired leases expressly assumed pursuant to the Modified Plan and this Order, all other executory contracts and unexpired leases shall be deemed rejected on the Effective Date.

G. The provisions of the Modified Plan and this Order and the final Order confirming the Modified Plan will binding on the Debtor, the Debtor's estate, the Committee, any entity acquiring property under the Modified Plan, and any and all of the Debtor's creditors, equity security holders, and/or any other claim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in 11 U.S.C. § 502(g), (h) or (i), whether or not: (1) a proof of claim based on such a debt is filed or deemed filed under 11 U.S.C. § 501; (2) such claim is allowed under 11 U.S.C. § 502; or (3) the holder of such claim has accepted the Modified Plan.

H. Any judgment at any time obtained in any other court, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt that is discharged under the Modified Plan, is void without further action required by any parties.

I. The commencement or continuation of any action, the employment of process, or any act to collect or recover, any debts and/or claims against the Debtor and/or the Debtor's estate is hereby forever enjoined, except as otherwise set forth in the Modified Plan or this Order.

J. On the Effective Date, the Committee shall be deemed dissolved and the members of the Committee shall be deemed released and discharged from all rights and duties arising from or related to this chapter 11 case. Any and all rights granted to the Committee under any stipulations, agreements, or contracts during the bankruptcy case, shall be assigned to the Post-Confirmation Committee.

K. On the Effective Date, all of the Estate's claims and causes of action pursuant to 11 U.S.C. sections 544-551 (excluding claims and causes of action against insiders of the Debtor) will be transferred and assigned to the Reorganized Debtor, free and clear of all liens and claims against the Debtor and all equity interests in the Debtor, except as otherwise set forth in the Modified Plan.

L. On the Effective Date, all of the Estate's claims and causes of action pursuant to 11 U.S.C. sections 544-551 with respect to insiders of the Debtor will be transferred and assigned to the Post-Confirmation Committee, free and clear of all liens and claims against the Debtor and all equity interests in the Debtor, except as otherwise set forth in the Modified Plan.

M. On the Effective Date, any unexpired lease or executory contract not expressly assumed by the Debtor in conjunction with and as of the confirmation of the Modified Plan or which has not been previously rejected by the Debtor during this case, shall be, and is hereby, rejected, and, unless claims based upon rejection of these executory contracts and/or unexpired leases are filed timely pursuant to Bankruptcy Rules, they shall be forever barred.

N. All claims against or assertions of interest in the Debtor and/or the Debtor's Estate not filed on or before the applicable bar date set by this Court, or not otherwise allowed in accordance with the Bankruptcy Code and Bankruptcy Rules, shall be forever barred whether such claims or interests arose before or after the Petition Date, except those fees of professionals that are entitled to priority.

O.  Claim holders shall not receive any distribution from the Debtor other than as specifically set forth in the Modified Plan.

P.  The Debtor shall be, and is hereby, authorized and empowered to execute any and all documents and take such other actions as may be necessary to implement the provisions of the Modified Plan.

Q.  This Court shall, and it hereby does, retain jurisdiction over this case in the manner described in the Bankruptcy Code.

R.  As and when the Modified Plan has been substantially consummated, or it is otherwise appropriate, the Reorganized Debtor, or such other party as may be proper, shall move the Court, pursuant to Section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, for a final decree and order closing the case.

S.  The Debtor is authorized to use cash collateral through and including August 31, 2010, provided that all protections to the secured creditors, including adequate protection payments, shall be made as previously ordered by the Court.

T.  Based on Wells Fargo Bank, N.A.'s statement at the hearing on Plan confirmation, provided that the final Plan confirmation order is entered by August 31, 2010, continued use of cash collateral, as set forth in Paragraph S above, shall continue through and including September 30, 2010.

** END OF ORDER **

Agreed as to form:

| LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. | OFFICE OF THE UNITED STATES TRUSTEE |
|---|---|
| By: _/s/ David B. Golubchik_<br>David B. Golubchik<br>Todd M. Arnold<br>Attorneys for Temple-Inland, Inc. | By: _/s/ Nanette Dumas_<br>Nanette Dumas<br>Trial Attorney |

12

| WINSTON & STRAWN LLP | MANASIAN & ROUGEAU, LLP |
|---|---|
| By:    */s/ Todd J. Dressel*<br>     Todd J. Dressel<br>     Attorneys for Wells Fargo Bank, N.A. | By:    */s/ Gregory A. Rougeau*<br>     Gregory A. Rougeau<br>     Attorneys for Official Committee of<br>     Unsecured Creditors |
| LAW OFFICE OF JAMES A. TIEMSTRA | CROWE HORWATH LLP |
| By:    */s/ James A. Tiemstra*<br>     James A. Tiemstra<br>     Attorneys for Temple-Inland, Inc. | By:    */s/ Howard B. Grobstein*<br>     Howard B. Grobstein,<br>     Crowe Horwath LLP,<br>     accountants to the Debtor |
| BUNTING, DRAYTON & ALWARD LLP | VINCENT CIMINO |
| By:    */s/ William W. Bunting, III*<br>     William W. Bunting, III<br>     Attorneys for General Partners of the Debtor<br>     Vincent Cimino, Stephanie Cimino and Armand<br>     Cimino | By:    */s/ Vincent Cimino*<br>     Vincent Cimino, in his individual capacity |
| STEPHANIE CIMINO | ARMAND CIMINO |
| By:    */s/ Stephanie Cimino*<br>     Stephanie Cimino, in her individual capacity | By:    */s/ Armand Cimino*<br>     Armand Cimino, in his individual capacity |

# EXHIBIT A

## Treatment of Class 15 Secured Claim

During the pendency of this case, approximately $369,000 in adequate protection payments were made to Wells Fargo, which amount will be applied as a credit against the Secured Claim, reducing the Secured Claim to $1,751,986. The Secured Claim shall be Allowed at $1,751,986. The principal amount of the Secured Claim shall be paid in 60 equal monthly installments of $34,900 each due on the first day of each month commencing with the first month after the Effective Date. The Allowed Secured Claim shall bear interest at 7.5%. Wells Fargo's Secured Claim shall be governed by the terms set forth herein, including the terms in Exhibit __, attached to the Plan, and the same shall be binding on the Reorganized Debtor upon the Effective Date.

Pending satisfaction of the Secured Claim, Wells Fargo shall retain a lien and security interest in all property of the Reorganized Debtor of the type described in the security agreement between Wells Fargo and the Debtor. The lien and security interest of Wells Fargo shall be perfected by operation of law upon the Effective Date. Wells Fargo shall not be required to file or record any financing statements or other documents in any jurisdiction or to take any other action in order to validate or perfect such lien or security interest. The Plan Confirmation Order shall be deemed sufficient and conclusive evidence of the security interests and liens granted hereunder. Wells Fargo, in its discretion, is authorized to file financing statements or other documents, or otherwise confirm perfection. The Reorganized Debtor, upon reasonable request, shall execute and deliver any documents, instruments or agreements to Wells Fargo to perfect its security interest and lien on property. The preparation or cost of such documents, instruments or agreements shall be the responsibility of Wells Fargo.

Wells Fargo shall have an Allowed unsecured claim for its deficiency under Class 16 in the amount of $4,202,407 ("Wells Fargo's Deficiency Claim"). Wells Fargo shall retain its lien in the Laredo litigation against Temple with the same extent, validity and priority as Wells Fargo was entitled to on the Petition Date. To the extent that Wells Fargo receives distributions on account of such collateral, Wells Fargo's Deficiency Claim will be reduced accordingly.

The foregoing treatment shall be in full and complete satisfaction of such Secured Claim. Nothing in this Plan shall affect Wells Fargo's rights against General Partners of the Debtor and such General Partners shall remain liable for the full amount of the obligations owed by the Debtor to Wells Fargo, whether such amounts are part of Wells Fargo's Secured Claim or Wells Fargo's Deficiency Claim, and nothing in this Plan shall reduce or limit such obligations in any way, except any payments made by the Reorganized Debtor to Wells Fargo on such Secured Claim and/or Wells Fargo's Deficiency Claim shall reduce any liability of the General Partners accordingly.

Notwithstanding Article V of this Plan, in the event that the Reorganized Debtor defaults in the performance of any of its obligations under the Plan related to the Secured Claim or Wells Fargo's Deficiency Claim and shall not have cured such a default within thirty (30) days after receipt of written notice of default from Wells Fargo, then Wells Fargo may pursue such remedies as are available at law or in equity.

The Reorganized Debtor covenants that so long as any liabilities (whether direct or contingent, liquidated or unliquidated) of Reorganized Debtor to Wells Fargo Bank, National Association ("Wells Fargo") under the Plan remain outstanding, and until payment in full of all obligations of the Reorganized Debtor thereto, the Reorganized Debtor shall, unless Wells Fargo otherwise consents in writing:

1. PUNCTUAL PAYMENT. Punctually pay all principal, interest, fees or other liabilities due under the Plan at the times and place and in the manner specified therein.

2. ACCOUNTING RECORDS. Maintain adequate books and records in accordance with generally accepted accounting principles consistently applied.

3. FINANCIAL STATEMENTS. Provide to Wells Fargo the following in accordance with procedures regularly used in Debtor's business operations:

(a) not later than 150 days after and as of the end of each fiscal year, an annual financial statement of the Reorganized Debtor to include balance sheet and income statement; and

(b) not later than 45 days after and as of the end of each fiscal quarter, a financial statement of the Reorganized Debtor to include balance sheet and income statement and all supporting schedules, if any.

4. COMPLIANCE. Preserve and maintain all licenses, permits, governmental approvals, rights, privileges and franchises necessary for the conduct of its business; and comply with the provisions of all documents pursuant to which the Reorganized Debtor is organized and/or which govern the Reorganized Debtor's continued existence and with the requirements of all laws, rules, regulations and orders of a governmental agency applicable to the Reorganized Debtor and/or its business.

5. INSURANCE. Maintain and keep in force, for each business in which the Reorganized Debtor is engaged, insurance of the types and in amounts customary carried in similar lines of business, including but not limited to fire, extended coverage, public liability, flood, property damage and workers' compensation, and deliver to Wells Fargo from time to time at Wells Fargo's reasonable request schedules setting forth all insurance then in effect.

6. FACILITIES. Keep all properties useful or necessary to the Reorganized Debtor's business in good repair and condition, and from time to time make necessary repairs, renewals and replacements thereto so that such properties shall be fully and efficiently preserved and maintained.

7. TAXES AND OTHER LIABILITIES. Pay and discharge when due any and all indebtedness, obligations, assessments and taxes, both real or personal, including without limitation federal and state income taxes, both real or personal, including without limitation federal and state income taxes and state and local property taxes and assessments except (a) such as the Reorganized Debtor may in good faith contest or as to which a bona fide dispute may

arise, and (b) for which the Reorganized Debtor has made provision for eventual payment thereof in the event the Reorganized Debtor is obligated to make such payment.

8. LITIGATION. Promptly give notice in writing to Wells Fargo of any litigation pending or threatened against the Reorganized Debtor which may affect Wells Fargo's collateral, in an amount of over $100,000.

9. FINANCIAL CONDITION.

(a) Maintain levels of cash, accounts receivable, inventory and other collateral securing Wells Fargo's Secured Claim, other than the Temple-Inland litigation, and as reported in the Quarterly Reports, equal to or greater than the remaining principal balance of Wells Fargo's Secured Claim.

(b) Provide Wells Fargo thirty (30) days written notice before the Reorganized Debtor (i) incurs any indebtedness or liabilities from borrowings, loans or advances, whether secured or unsecured, matured or unmatured, liquidated or unliquidated, joint or several, except in the ordinary course of business, (ii) merges into or consolidates with any other entity, or incurs any substantial change in the nature of the Reorganized Debtor's business as conducted as of the Effective Date, (iii) disposes of all or substantial or material portion of the Reorganized Debtor's assets except in the ordinary course of business.

COURT SERVICE LIST

Office of the U.S. Trustee
280 South First Street, Room 268
San Jose, California 95113

Debtor's Counsel
David B. Golubchik
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067

Counsel to Wells Fargo Bank, N.A.
Randy R. Rogers, Esq.
Todd J. Dressel, Esq.
Winston & Strawn LLP
101 California Street, 39th Floor
San Francisco, CA 94111-5802

Committee Counsel
Paul E. Manasian, Esq.
Gregory A. Rougeau, Esq.
Manasian & Rougeau, LLP
400 Montgomery Street, Suite 1000
San Francisco, CA 94104

Counsel to TIN Inc. dba Temple-Inland
James A. Tiemstra, Esq.
Law Offices of James A. Tiemstra
409 Thirteenth Street, 15th Floor
Oakland, CA 94612