1  DAVID B. GOLUBCHIK (SBN 185520)
   MICHELLE S. GRIMBERG (SBN 217327)
2  ANTHONY A. FRIEDMAN (SBN 201955)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Blvd., Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234; Facsimile: (310) 229-1244

5  RICHARD G. MORALES. JR. (Texas State Bar No. 14419000) (Pro Hac Vice)
   DOANH "ZONE" T. NGUYEN (Texas State Bar No. 00789517) (Pro Hac Vice)
6  PERSON, WHITWORTH, BORCHERS & MORALES, LLP
   602 E. Calton Rd.
7  Laredo, Texas 78041
   Telephone (956) 727-4441; Facsimile (956) 727-2696
8
   Attorneys for Plaintiff Cimino Brokerage Company
9  dba Cimino Brothers Produce, Debtor and Debtor in Possession

10              UNITED STATES BANKRUPTCY COURT
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
11

| | |
|---|---|
| In re | **CHAPTER 11 CASE NO. 5:09-bk-60291** |
| | **ADV. CASE NO.** |
| **CIMINO BROKERAGE COMPANY** | |
| **dba CIMINO BROTHERS PRODUCE,** | **COMPLAINT TO:** |
| Debtor and | **(1) AVOID AND RECOVER FRAUDULENT** |
| Debtor in Possession. | **TRANSFER AND TO PRESERVE RECOVERED** |
| | **TRANSFER FOR BENEFIT OF PLAINTIFF'S** |
| | **ESTATE;** |
| | **(2) OBJECTION TO PROOF OF CLAIM   BASED ON** |
| **CIMINO BROKERAGE COMPANY** | **OFFSET;** |
| **dba** | |
| **CIMINO BROTHERS PRODUCE,** | **(3) NEGLIGENCE;** |
| Plaintiff, | **(4) NEGLIGENT MISREPRESENTATION;** |
| v. | |
| | **(5) FRAUDULENT CONCEALMENT AND DECEIT;** |
| **TIN INC. DBA TEMPLE-INLAND** | |
| **AND TEMPLE-INLAND INC.** | **(6) BREACH OF IMPLIED WARRANTY OF** |
| | **MERCHANTABILITY;** |
| Defendants. | |
| | **(7) STRICT PRODUCTS LIABILITY:** |
| | **MANUFACTURING DEFECT;** |
| | **(8) BREACH OF IMPLIED WARRANTY OF FITNESS;** |
| | **(9) VIOLATION OF CAL. BUS. AND PROF. CODE §** |
| | **17500; AND** |
| | **(10) VIOLATION OF CAL. BUS, AND PROF. CODE §** |
| | **17200.** |
| | **[11 U.S.C. §544 and California Civil Code § 3439 et. seq.** |
| | **and 11 U.S.C. § 550; and 11 U.S.C. §§ 502(d) and (h)]** |

Plaintiff Cimino Brokerage Company dba Cimino Brothers Produce, Debtor and Debtor in Possession in the above-captioned bankruptcy case (the "Plaintiff") avers and complains, by way of this Complaint, as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1332 and 1334, 28 U.S.C. §157 and Local Rules and Orders of the United States District Court for the Northern District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H) and (O).

3. Specifically, the Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §1334 because the adversary proceeding arose in and is related to the Chapter 11 bankruptcy case, In re Cimino Brokerage Company dba Cimino Brothers Produce, Case No. 09-60291 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

5. TIN Inc. DBA Temple-Inland and Temple-Inland Inc. ("Defendants") filed a proof of claim with the Bankruptcy Court in the Bankruptcy Case on or about March 15, 2010, for the total amount of $916,554.04 with said claim being designated claim number 57 on the Court's claim register (the "Proof of Claim").

**PARTIES**

6. Plaintiff is a California general partnership with its principal place of business located at 31 West Market Street, Salinas, California, 93901.

7. On November 24, 2009, Plaintiff filed a voluntary petition for relief under title 11 of the United States Code (the "Petition Date"). Since the Petition Date, the Plaintiff has been and continues to be, a debtor in possession pursuant to 11 U.S.C. §§1107 and 1109 of the bankruptcy code (the "Bankruptcy Code").

/ / /

8.     Plaintiff is informed and believes and based thereon alleges that Defendants are a Delaware corporation. Plaintiff is informed and believes and based thereon alleges that Defendants are, and at all times relevant to the issues in the Complaint have been, qualified to do business in California.

9.     Defendants were, at the time of the occurrences described in this Complaint, and are now engaged in the business of designing, manufacturing and selling corrugated carton containers to agricultural companies for the storing and transportation of agricultural products. Defendants placed such containers into the stream of commerce by selling these products to Plaintiff and other entities engaged in similar agricultural endeavors throughout the United States and Mexico.

10.    Plaintiff is in the business of growing, transporting and distributing agricultural products such as broccoli from growing areas in Mexico to various destinations in the United States, including California, and internationally.

11.    At all relevant times herein, Defendants have manufactured, marketed, distributed and provided to Plaintiff corrugated carton containers for the purpose of packing and transporting agricultural products for the aforementioned purposes. Defendants' containers packed with Plaintiff's broccoli and other agricultural products are transported from Mexico to Plaintiff's United States storage and distribution facility located in Laredo, Webb County, Texas. Thereafter, Defendants' containers packed with Plaintiff's broccoli and other agricultural products are distributed nationally and internationally to Plaintiff's customers.

## STATEMENT OF FACTS

12.    In or about November through December of 2008, Defendants delivered approximately 353,000 defective corrugated carton containers to Plaintiff. Plaintiff unknowingly utilized these containers for the storage, transportation and marketing of broccoli and other agricultural products and forwarded them to Plaintiff's customers. These defective containers caused Plaintiff's broccoli to deteriorate and spoil, resulting in catastrophic losses and damages to Plaintiff in excess of $5,000,000.00. After discovery of the defective cartons, Plaintiff notified Defendants that Defendants' product was defective on numerous occasions but Defendants have taken no steps to cure these defects.

13. On or about November 11, 2009, Plaintiff sent Defendants a demand letter requesting reimbursement for the damages caused by Defendants' defective product. Defendants failed to respond to this demand letter. A true and correct copy of the November 11, 2009 letter is attached hereto as **Exhibit "A"**.

14. Plaintiff's damages resulted from (1) spoilage; (2) price reductions Plaintiff was forced to concede to its customers based on diminished quality of its agricultural products; (3) losses of spot market customers; (4) losses of regular long term customers; (5) increased freight costs; (6) substantial damage to its reputation and good will; (7) public health and safety related damages; (8) increase in insurance costs and related damages and other damages subject to proof at trial.

15. Plaintiff is informed and believes, and based thereon alleges that the containers in question were defective and unsafe for the purposes intended at the time such products left Defendants' control. Such containers were defective for various reasons, including but not limited to Defendants' use of insufficient and inferior synthetic wax and glue as well as poor quality liner board causing the containers to leak, break down, and deteriorate. Consequently, Plaintiff's agricultural products spoiled and were rendered of no value in some cases and diminished value in others. The defective materials utilized by Defendants resulted in a container test weight that was insufficient for use as intended by Plaintiff. The containers in question failed to conform to the product design and specifications of other similar containers used for the storing and transportation of agricultural products. Plaintiff received no warning of such defects prior to the infliction of Plaintiff's damages.

16. Defendants made no effort to improve the quality of its product even after notification by Plaintiff. These defects and others were the producing cause of Plaintiff's damages.

17. On or about January 28, 2008 Plaintiff (as Buyer) and Defendants (as Seller) entered into a written agreement regarding Plaintiff's obligations to pay all of Defendants' invoices that were to be incurred through Plaintiff's future purchase of products from Defendants using Defendants' extension of a line of credit to Plaintiff (the "Security Agreement"). In order to ensure that Plaintiff would pay all of Defendants' invoices, and in conjunction with the Security Agreement, Defendants required Plaintiff to pledge the following: a security interest in Plaintiff's equipment, contract rights,

1 | inventories, receivables and proceeds of sales as collateral to secure Plaintiff's performance of all

2 | obligations (the "Transfer"). A true and correct copy of the Security Agreement is attached hereto as

3 | **Exhibit "B"**.

4 | 18. The invoices attached to the Proof of Claim filed by Defendants in the above

5 | referenced Bankruptcy Case reflect that all of the purchases that were the basis for the Plaintiff

6 | transferring the security interest to Defendants vis-à-vis the Security Agreement allegedly occurred

7 | months after the date of the Transfer. A true and correct copy of Defendants' Proof of Claim and a

8 | list of these invoices attached to the Proof of Claim filed by Defendants in the Bankruptcy Case are

9 | attached hereto as **Exhibit "C"**.

10 | 19. The Plaintiff received no consideration for the Transfer.

11 | **FIRST CLAIM FOR RELIEF**

12 | **(Against All Defendants To Avoid And Recover Fraudulent Transfer)**

13 | **[Avoidance And Recovery Of Fraudulent Transfer Pursuant To**

14 | **11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(2) and 3439.07]**

15 | 20. Plaintiff incorporates herein by this reference paragraphs 1 through 19, inclusive, of

16 | this Complaint as if set forth in full herein.

17 | 21. Plaintiff is informed and believes, and based thereon alleges that on or about January

18 | 28, 2008, Plaintiff made the Transfer to Defendants without receiving a reasonably equivalent value

19 | in exchange for the security interest transferred to Defendants.

20 | 22. Plaintiff is informed and believes, and based thereon alleges that at the time the

21 | Plaintiff made the Transfer to Defendants, the Plaintiff was engaged or about to engage in a business

22 | or a transaction for which Plaintiff's remaining assets were unreasonably small in relation to such

23 | business or transaction.

24 | 23. Plaintiff is informed and believes, and based thereon alleges that at the time of the

25 | Transfer, the Plaintiff intended to incur, or believed or reasonably should have believed that it would

26 | incur, debts beyond its ability to pay as they became due.

27 | 24. The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and

28 | California Civil Code §§ 3439 et seq. and, therefore, is avoidable.

1                                 **SECOND CLAIM FOR RELIEF**

2          **(Against All Defendants To Avoid And Recover Fraudulent Transfer)**

3            **[Avoidance And Recovery Of Fraudulent Transfer Pursuant To**

4   **11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.05 and 3439.07]**

5        25.     Plaintiff incorporates herein by this reference paragraphs 1 through 24, inclusive, of

6   this Complaint as if set forth in full herein.

7        26.     Plaintiff is informed and believes, and based thereon alleges that on or about January

8   28, 2008, Plaintiff entered into the Transfer with Defendants without receiving a reasonably

9   equivalent value in exchange for the security interest transferred to Defendants.

10       27.     Plaintiff is informed and believes, and based thereon alleges that the Plaintiff was

11   insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

12       28.     The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and

13   California Civil Code §§ 3439 et seq. and, therefore, is avoidable.

14                                   **THIRD CLAIM FOR RELIEF**

15                  **(Against All Defendants To Recover Transfer)**

16            **(Recovery Of Transfer Pursuant To 11 U.S.C. § 550)**

17       29.     The Plaintiff incorporates herein by this reference paragraphs 1 through 28, inclusive,

18   of this Complaint as if set forth in full herein.

19       30.     The Plaintiff is informed and believes, and based thereon alleges that, to the extent

20   Defendants are not the initial transferee of the Transfer referred to in this Complaint, the Defendants

21   are the immediate or mediate transferee of the initial transferee of such Transfer.

22       31.     Upon avoidance of the Transfer under the Claims for Relief alleged herein, the

23   Plaintiff is entitled to recover the Transfer from Defendant as an initial transferee, the immediate or

24   mediate transferee of such initial transferee, or an entity for whose benefit the Transfer was made

25   pursuant to 11 U.S.C. § 550.

26                                 **FOURTH CLAIM FOR RELIEF**

27       **(Against All Defendants To Object to Proof of Claim Based on Offset)**

28       32.     Plaintiff incorporates herein by this reference paragraphs 1 through 31, inclusive, of

1 | this Complaint as if set forth in full herein.

2 | 33. Pursuant to sections 502(d) and (h) of the Bankruptcy Code, Plaintiff objects to the
3 | Proof of Claim and any other claims that Defendants may file in the Bankruptcy Case titled In re
4 | Cimino Brokerage Company Dba Cimino Brothers Produce, Case No. 5:09-bk-60291, until the
5 | Transfer has been recovered and paid to the Plaintiff in full.

6 | **FIFTH CLAIM FOR RELIEF**

7 | **(Against Defendants For Negligence)**

8 | 34. Plaintiff incorporates herein by this reference paragraphs 1 through 33, inclusive, of
9 | this Complaint as if set forth in full herein.

10 | 35. By virtue of the relationship existing between Defendants as sellers of the containers,
11 | and each of them, and Plaintiff as buyer of the containers, each Defendant owed Plaintiff a legal duty
12 | of care.

13 | 36. At all times herein mentioned, Defendants, and each of them, breached their legal
14 | duty of care to Plaintiff and failed to exercise reasonable care and skill in selling to Plaintiff
15 | defective and unsafe containers and by using insufficient and inferior synthetic wax and poor quality
16 | liner board causing the containers to leak, breakdown and deteriorate leading to Plaintiff's
17 | agricultural products to spoil.

18 | 37. At all times herein mentioned, Defendants, and each of them, also breached their
19 | legal duty of care to Plaintiff when Defendants also failed to exercise reasonable care and skill in
20 | designing a faulty product and then placing it in commerce without warning to users of the inherent
21 | defects of such product.

22 | 38. As a direct and proximate result of the negligence, carelessness, and recklessness of
23 | Defendants, and each of them, Plaintiff has been damaged in an amount to be shown according to
24 | proof.

25 | 39. As a further direct and proximate result of the negligence of Defendants, and each of
26 | them, Plaintiff was required to employ counsel to prosecute this present action and to handle
27 | customer complaints caused by Defendants' wrongful conduct and Plaintiff has incurred and will
28 | incur attorneys' fees and costs in connection therewith in an amount to be shown according to proof.

## SIXTH CLAIM FOR RELIEF

### (As Against All Defendants, Negligent Misrepresentation)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39, inclusive, and incorporates them herein by this reference as though set forth in full herein.

41. Defendants, and each of them, made statements that were untrue and/or expressed a false statement of opinion without any reasonable ground for believing that the statements or opinions were true or in a manner not warranted by the information obtained by Defendants as to statements or opinions regarding the practical and legal ramifications of the quality of the defective containers sold by Defendants to Plaintiff.

42. The aforementioned representations were made with the intent to induce Plaintiff to rely on these representations and purchase large quantities of containers from Defendants for the benefit of Defendants.

43. Plaintiff's reliance on statements made by Defendants, and each of them, was justified in that Plaintiff reasonably believed that Defendants, and each of them, sold Plaintiff reliable containers made with high quality materials for the purpose intended for them by Plaintiff which Defendants were well aware of.

44. As a direct and proximate result of the fraud and deceit alleged, Plaintiff was induced to purchase and use the defective containers sold to it by Defendants.

45. As a direct and proximate result of the negligent misrepresentations alleged, Plaintiff has been damaged in an amount to be shown according to proof.

46. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required to employ counsel to prosecute this present action and to handle customer complaints caused by Defendants' wrongful conduct and Plaintiff has incurred and will incur attorneys' fees and costs in connection therewith in an amount to be shown according to proof.

## SEVENTH CAUSE OF ACTION

### (As Against All Defendants, Fraudulent Concealment & Deceit)

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 46, inclusive, and incorporates them herein by this reference as though set forth in full herein.

48. Defendants, and each of them, deliberately concealed the true facts known to them and/or failed to make any reasonable investigation to determine the true facts from which representations were made and/or expressed a dishonest opinion as to the practical and legal ramifications of the quality of the defective containers sold to Plaintiff by Defendants.

49. The aforementioned representations were of material facts made with the intent to induce Plaintiff to rely on these representations and purchase large quantities of containers from Defendants for the benefit of Defendants.

50. Plaintiff's reliance on statements made by Defendants, and each of them, was justified in that Plaintiff reasonably believed that Defendants, and each of them, sold Plaintiff reliable containers made with high quality materials for the purpose intended for them by Plaintiff which Defendants were well aware of.

51. As a direct and proximate result of the fraud and deceit alleged, Plaintiff was induced to purchase and use the defective containers sold to it by Defendants.

52. As a direct and proximate result of the fraud and deceit alleged, Plaintiff has been damaged in an amount to be shown according to proof.

53. In doing the acts alleged in this Complaint, Defendants, and each of them, acted with oppression, fraud, and malice as defined in California Civil Code § 3294, and Plaintiff is entitled to punitive damages to make an example of and to punish Defendants in addition to actual damages.

54. As a direct and proximate result of the fraud and deceit alleged, Plaintiff was required to employ counsel to prosecute this present action and to handle customer complaints caused by Defendants' wrongful conduct and Plaintiff has incurred and will incur attorneys' fees and costs in connection therewith in an amount to be shown according to proof.

## EIGHTH CAUSE OF ACTION

### (As Against All Defendants, Breach of Implied Warranty of Merchantability)

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54, inclusive, and incorporates them herein by this reference as though set forth in full herein.

56. Plaintiff is informed and believes, and based thereon alleges that the Defendants designed, manufactured, labeled, advertised, distributed and sold the defective containers at issue to

1 | Plaintiff and others.

2 | 57. Plaintiff is informed and believes, and based thereon alleges that at the time that the
3 | Defendants marketed, distributed, and sold the defective containers to Plaintiff, Defendants
4 | impliedly warranted that the containers were merchantable and fit for the ordinary purpose of its
5 | intended use as containers for storing and transporting agricultural products.

6 | 58. Plaintiff purchased the defective containers from Defendants. Plaintiff was a
7 | foreseeable user of the product and an intended party beneficiary of the warranty given by
8 | Defendants.

9 | 59. The containers were not merchantable and fit for their ordinary purpose, as the
10 | containers failed while being used for their intended purpose causing injury and loss to Plaintiff and
11 | its customers.

12 | 60. Plaintiff reasonably relied on Defendants' representations, skill and judgment that the
13 | containers were safe and fit for the purpose for which they were intended to be used by Plaintiff and
14 | free of defects.

15 | 61. Immediately upon learning of the defects in the containers, Plaintiff advised
16 | Defendants of this defect and demanded that Defendants cure the defect(s), however, to date,
17 | Defendants have not cured the defect(s).

18 | 62. As a direct and proximate cause of the Defendants' misconduct as set forth herein,
19 | Plaintiff has suffered and continues to suffer serious and permanent economic and non-economic
20 | damages according to proof.

21 | ## NINTH CAUSE OF ACTION

22 | ### (As Against All Defendants, Strict Products Liability: Manufacturing Defect)

23 | 63. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 62,
24 | inclusive, and incorporates them herein by this reference as though set forth in full herein.

25 | 64. Plaintiff is informed and believes, and based thereon alleges that Defendants are the
26 | researchers, developers, manufacturers, distributors, marketers, promoters, suppliers and sellers of
27 | the containers which are defective and unreasonably dangerous to consumers.

28 | ///

65. The containers are defective in their manufacturing, rendering them unreasonable and unsuitable for their intended purpose.

66. The defective manufacture of the containers rendered them unreasonably dangerous and/or unreasonably safe from the moment of manufacture through the time it reached the end user, including the Plaintiff, without any substantial change in the condition in which it was manufactured through the time it was released into the stream of commerce for consumption.

67. Plaintiff and the public at large were at no time aware of the manufacturing defects in the containers.

68. Defendants are therefore strictly liable to the Plaintiff for designing, manufacturing, and placing into the stream of commerce a product that was negligently and defectively manufactured for its reasonably foreseeable use at the time it left the control of Defendants because of its manufacturing defects.

69. Defendants knew or should have known of the danger associated with the use of the container as well as the defective manufacture of the containers, but have continued to design, manufacture, sell, distribute, market, promote, and/or supply the containers so as to maximize sales and profits at the expense of the public health, safety and welfare in conscious disregard of the foreseeable harm caused by the containers.

70. As a direct and proximate cause of Defendants' misconduct as set forth herein, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic damages according to proof.

## TENTH CAUSE OF ACTION

### (As Against All Defendants, Breach of Implied Warranty of Fitness)

71. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 70, inclusive, and incorporates them herein by this reference as though set forth in full herein.

72. Plaintiff is informed and believes and based thereon alleges that Defendants designed, manufactured, labeled, advertised, distributed, and sold the containers at issue.

73. Defendants sold the containers with an implied warranty that the product was reasonably fit for the particular purpose of storing and transporting agriculture products.

74. Plaintiff purchased the product from Defendants. Plaintiff was a foreseeable user of the product and an intended party beneficiary of the warranty given by Defendants.

75. The containers were not fit for the particular purpose as a safe product for storing and transporting agricultural products as the product failed while being used for its intended particular purpose, causing injury and loss to Plaintiff and its customers.

76. Plaintiff reasonably relied on Defendants' representations that the containers were safe for storing and transporting agricultural products and free of defects.

77. As a direct and proximate cause of the Defendants' misconduct set forth herein, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic damages according to proof.

## ELEVENTH CAUSE OF ACTION

**(As Against All Defendants, Violations of Cal. Bus. And Prof. Code § 17500, Untrue or**

**Misleading Advertising)**

78. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 77, inclusive, and incorporates them herein by this reference as though set forth in full herein.

79. Plaintiff is informed and believes, and based thereon alleges that Defendants have violated and continue to violate Cal. Bus. and Prof. Code § 17500 by making or disseminating untrue or misleading statements, or by causing untrue or misleading statements to be made or disseminated, with the intent to deceive and induce members of the public, including Plaintiff, to purchase defective containers from Defendants solely to maximize profits from sales of containers to the benefit of Defendants. These untrue and misleading statements, some of which are currently posted on Defendants' webpage (located at http://www.templeinland.com), include but are not limited to:

    a.    "we can help you increase pack efficiencies and reduce costs – all while helping more of your produce get there safely and ready for the consumer's kitchen table."

    b.    "Our protective produce packaging is as [sic] safe as it is eye-catching."

    c.    "Temple-Inland has been providing great containers – and great service – to agricultural customers since 1925."

1    d.    "nobody delivers more – or better – packaging."

2    e.    "Once you see our comprehensive array of products and value-added services,
3    you'll understand why companies who want value, service and expertise come to Temple-
4    Inland for packaging that works!"

5    80.    Plaintiff is informed and believes and based thereon alleges that Defendants have
6    made numerous oral representations to Plaintiff about the high quality and superiority of the
7    packaging sold by Defendants to Plaintiff which Defendants stated were appropriate for the purpose
8    for which Plaintiff needed the containers for.

9    81.    Plaintiff is informed and believes and based thereon alleges that Defendants received
10    various complaints from several customers about the defective containers at all relevant times.

11    82.    Defendants knew, or by the exercise of reasonable care should have known, that these
12    statements were untrue or misleading at the time they were made.

13    83.    As a direct result of Defendants' untrue and misleading statements made to the
14    general public and Plaintiff specifically, Plaintiff was mislead into purchasing defective containers
15    from Defendants.  These defective containers caused Plaintiff's broccoli to deteriorate and spoil
16    resulting in catastrophic losses and damages to Plaintiff in excess of $5,000,000.00.

17    84.    Defendants' untrue and misleading statements proximately caused Plaintiff to
18    purchase defective containers which in turn caused Plaintiff's broccoli to deteriorate.  Defendants'
19    wrongful conduct also caused Plaintiff to suffer damages which resulted from (1) spoilage; (2) price
20    reductions Plaintiff was forced to concede based on diminished quality of its agricultural products;
21    (3) losses of spot market customers; (4) losses of regular long term customers; (5) increased freight
22    costs; (6) substantial damage to its reputation and good will; (7) public health and safety related
23    damages; (8) increase in insurance costs and related damages and other damages subject to proof at
24    trial.

25    85.    As a direct and proximate cause of the Defendants' misconduct set forth herein,
26    Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic
27    damages according to proof.

28    / / /

## TWELFTH CAUSE OF ACTION

## (As Against All Defendants, Violations of Cal. Bus. And Prof. Code § 17200, Unlawful,

## Fraudulent, and Unfair Business Act and Practices)

86.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 85, inclusive, and incorporates them herein by this reference as though set forth in full herein.

87.     Plaintiff is informed and believes and based thereon alleges that Defendants have violated Bus. and Prof. Code § 17200 by engaging in, and continuing to engage in, acts and practices that constitute unlawful, unfair and/or fraudulent business practices. Such acts and practices include, but are not limited to, the following:

   a.     creating and maintaining a deceptive scheme to sell defective containers to the public, including to Plaintiff;

   b.     failing to cure defects to the containers after Plaintiff, and others, notified Defendants that Defendants' containers were defective;

   c.     making untrue or misleading representations that Defendants' containers were efficient, that they reduced costs and would ensure that produce gets delivered to customers safely;

   d.     making untrue and misleading representations that Defendants' protective produce packaging is safe for use;

   e.     making untrue and misleading representations that Defendants' containers are great and that Defendants' service is great;

   f.     making untrue and misleading representations that nobody delivers more – or better – packaging than Defendants;

   g.     making untrue and misleading representations that Defendants' containers are reliable and that they are usable for shipping agricultural products.

88.     Plaintiff is informed and believes and based thereon alleges that Defendants have made numerous oral representations to Plaintiff about the high quality and superiority of the packaging sold by Defendants to Plaintiff which Defendants stated were appropriate for the purpose for which Plaintiff needed the containers for thereby violating Cal. Bus. and Prof. Code § 17200 as

described herein.

89.    Defendants knew, or by the exercise of reasonable care should have known, that these business practices were unfair and misleading at the time they were conducted.

90.    As a direct result of Defendants' unfair business practices, Plaintiff was mislead into purchasing defective containers.

91.    Defendants' unfair business practices proximately caused Plaintiff to purchase defective containers which in turn caused Plaintiff's broccoli to deteriorate. Defendants' wrongful conduct also caused Plaintiff to suffer damages which resulted from (1) spoilage; (2) price reductions Plaintiff was forced to concede based on diminished quality of its agricultural products; (3) losses of spot market customers; (4) losses of regular long term customers; (5) increased freight costs and (6) substantial damage to its reputation and good will; (7) public health and safety related damages; (8) increase in insurance costs and related damages and other damages subject to proof at trial.

92.    As a direct and proximate cause of the Defendants' misconduct set forth herein, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic damages according to proof.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for judgment as follows:

On the First Claim for Relief For Avoidance And Recovery Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(2) and 3439.07:

A.    For a determination by the Court that the Transfer was a fraudulent transfer within the meaning of 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq.;

B.    For a judgment against Defendants avoiding the Transfer and recovering the Transfer or the value of such interest for the benefit of Plaintiff; and

C.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief For Avoidance And Recovery Of Fraudulent Transfer Pursuant To 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.05 and 3439.07:

| | A. | For a determination by the Court that the Transfer was a fraudulent transfer within the |
| --- | --- | --- |

meaning of 11 U.S.C. §§ 544 and California Civil Code §§ 3439 et seq.;

B.    For a judgment against Defendants avoiding the Transfer and recovering the Transfer or the value of such interest for the benefit of Plaintiff; and

C.    For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief for Recovery Of Transfer Pursuant To 11 U.S.C. § 550:

A.    For a judgment against Defendants recovering the Transfer or the value of such interest for the benefit of Plaintiff; and

B.    For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief To Object to Proof of Claim Based on Offset:

A.    For disallowance of any and all proofs of claim asserted by Defendants in Plaintiff's Bankruptcy Case; and

B.    For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief For Negligence:

A.    For compensatory damages in an amount according to proof at trial;

B.    For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief For Negligent Misrepresentation:

A.    For compensatory damages in an amount according to proof at trial;

B.    For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief For Fraudulent Concealment & Deceit:

A.    For compensatory damages in an amount according to proof at trial;

B.    For consequential damages in an amount according to proof at trial;

C.    For punitive damages in an amount that the trier of fact deems just and proper;

D.    For restitution;

E.    For prejudgment interest; and

F.    For Punitive damages in an amount that the trier of fact deems just and proper.

On the Eighth Claim for Relief For Breach of Implied Warranty of Merchantability:

A.    For compensatory damages in an amount according to proof at trial;

| | B. | For attorneys' fees and costs incurred by Plaintiff in prosecuting this action; |
| | C. | For statutory penalties according to proof at trial. |

On the Ninth Claim for Relief for Strict Products Liability: Manufacturing Defect:

A.   For compensatory damages in an amount according to proof at trial;

B.   For punitive damages in an amount that the trier of fact deems just and proper.

On the Tenth Claim for Relief For Breach of Implied Warranty of Fitness:

A.   For compensatory damages in an amount according to proof at trial;

B.   For attorneys' fees and costs incurred by Plaintiff in prosecuting this action; and

C.   For statutory penalties according to proof at trial.

On the Eleventh Claim for Relief for Violations of Cal. Bus. And Prof. Code § 17500, Untrue or Misleading Advertising:

A.   For injunctive relief, restraining Defendants, their agents and assigns, from continuing to issue misstatements, misrepresentations, other such misleading information to the public at large;

B.   For any statutory penalties according to proof at trial; and

C.   For restitution of all monies wrongfully acquired by Defendants.

On the Twelfth Claim for Relief for Violations of Cal. Bus. And Prof. Code § 17200, Unlawful, Fraudulent and Unfair Business Act and Practices:

A.   For injunctive relief, restraining Defendants, their agents and assigns, from continuing to issue misstatements, misrepresentations, other such misleading information to the public at large;

B.   For any statutory penalties according to proof at trial; and

C.   For restitution of all monies wrongfully acquired by Defendants.

/ / /

/ / /

/ / /

1 | As to All Claims for Relief:

2      A.     For costs of suit incurred herein, including, without limitation, attorneys' fees.

3      B.     For such other and further relief, which this Court deems just and appropriate.

4                         **RESERVATION OF RIGHTS**

5 Plaintiff reserves all of its rights to amend this Complaint as it deems necessary and

6 appropriate, including, without limitation, adding any additional allegations, claims for relief, or

7 prayer for relief.

8

9 DATED: October 1, 2010          LEVENE, NEALE, BENDER,

10                                YOO & BRILL L.L.P.

11

                                By: _____ */s/ David B. Golubchik* .

12                                     DAVID B. GOLUBCHIK

                                    MICHELLE S. GRIMBERG

13                                     ANTHONY A. FRIEDMAN

14                                     Attorneys for Plaintiff Cimino Brokerage Company
                                    dba Cimino Brothers Produce, Debtor and Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

GEORGE J. PERSON
STEVE A. WHITWORTH
†CHARLES R. BORCHERS (1943-1997)
RICHARD G. MORALES, JR.
ALEJANDRO E. VILLARREAL, III
†WILLIAM E. CASEY (1938 – 2007)
MARK D. WILLETT
MARTHA CIGARROA DE LLANO
BALDEMAR GARCIA, JR.**
RICARDO E. MORALES*
KATRINA BORCHERS MOHRER
MARISELA RANGEL
RAUL LEAL*
NORBERTO CARDENAS, III
CLAY PERSON
DANIEL L. WALTER

* BOARD CERTIFIED – OIL, GAS & MINERAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
**BOARD CERTIFIED – CIVIL TRIAL & APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION



PHYSICAL ADDRESS:
602 EAST CALTON ROAD
2ND FLOOR
LAREDO, TX 78041

MAILING ADDRESS:
P.O. DRAWER 6668
LAREDO, TEXAS 78042-6668

TEL 956.727.4441
FAX 956.727.2696
WWW.PERSONWHITWORTH.COM

SAN ANTONIO
7744 BROADWAY, SUITE 204
SAN ANTONIO, TEXAS 78209

November 11, 2009

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

TIN Inc. DBA Temple-Inland and
Temple-Inland Inc, by and through
their attorneys of record:

Mr. Adolfo Campero, Jr.
CAMPERO & ASSOCIATES
315 Calle Del Norte, Suite 207
Laredo, Texas 78041

> **RE:** **Violations of the Texas Deceptive Trade Practices-Consumer Protection Act (D.T.P.A.) relating to goods provided to Cimino Brothers Produce**

Dear Mr. Campero:

This law firm represents Cimino Brothers Produce in connection with the above-referenced matter. As you are aware, Cimino Brothers Produce (hereinafter "Cimino Brothers") is in the business of growing, transporting, and distributing high-quality broccoli from growing areas in Mexico to customers throughout in the United States. TIN Inc. DBA Temple-Inland and Temple-Inland Inc. (hereinafter "Temple-Inland") designed, manufactured, and sold corrugated carton containers to Cimino Brothers for the storage, transportation, and marketing of Cimino Brother's premium broccoli heads.

Between November and December of 2008, Temple-Inland delivered approximately 353,000 defective corrugated carton containers to Cimino Brothers. Cimino Brothers unknowingly utilized these containers for the storage, transportation, and marketing of broccoli to its customers. These defective cartons were constructed with an insufficient and inferior wax as well as a poor quality liner board

which caused the containers to leak, break down, and deteriorate. The defective containers caused Cimino Brothers' broccoli to deteriorate and spoil, rendering the broccoli of no value in most cases and of diminished value in others. The defective materials utilized by Temple-Inland also resulted in a container crush weight that was insufficient for Cimino Brother's intended palletized use.

The containers in question failed to conform to the product design and specifications of similar containers used for the storing and transportation of agricultural products. Temple-Inland gave no warning of such defects to Cimino Brothers. Further, Temple-Inland made no effort to improve the quality of the cartons, even after notification by Cimino Brothers. Temple Inland knew that its corrugated cartons were inadequate, yet advertised the product and deliberately decided to omit any warnings, so as to convey the false impression that no risk at all was involved in using this product for Cimino Brothers' intended use. Cimino Brothers relied to its detriment on Temple-Inland's assertions about the quality, condition, characteristics, and suitability of its corrugated cartons. Temple-Inland's courses of action and omissions were unconscionable in that Temple-Inland, to Cimino Brother's detriment, took advantage of Cimino Brothers' lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree.

Further, Temple-Inland expressly and impliedly warranted to Cimino Brothers that the corrugated cartons were appropriate for Cimino Brother's intended use. Temple-Inland was a merchant manufacturer with respect to the containers in question which were not merchantable as warranted. Temple-Inland knew or had reason to know of the purposes for which Cimino Brothers purchased the cartons. Cimino Brothers, relied on Temple-Inland's skill and judgment to select, manufacture, and furnish containers suitable for Cimino Brother's intended use. The containers in question were unfit for the purpose for which they were intended to be used.

Cimino Brothers' damages from the defective cartons resulted from 1) spoilage; 2) price reductions Plaintiff was forced to concede based on diminished quality of its broccoli; 3) losses of spot market customers; 4) losses of regular long term customers; 5) increased freight costs; and 6) loss of goodwill and reputation.

Our investigation thus far reveals violations by Temple-Inland of Sections 17.46(b)(2), (5), (7), (9), (12), and (24) of the Texas Deceptive Trade Practices-Consumer Protection Act (D.T.P.A.). Cimino Brothers may maintain a cause of action under §17.50 of the D.T.P.A. because of Temple Inland's use and/or employment of the false, misleading, and/or deceptive acts or practices described hereinabove and because of Cimino Brothers' reliance on the same. Further, Temple-Inland breached express and/or implied warranties related to the corrugated containers purchased by Cimino Brothers. Finally, Temple-Inland's courses of action and omissions were unconscionable as the term is defined in the D.T.P.A. As applied to the facts of this case, Texas law makes it clear that Temple-Inland is liable to Cimino Brothers.

Accordingly, on behalf of Cimino Brothers Produce, demand is hereby made that within 60 days of the receipt of this letter, Temple-Inland tender payment to Cimino Brothers Produce for the

following economic damages incurred as a result of the defective corrugated containers and expenses reasonably incurred in asserting this claim:

1. Economic Damages:                      $ 6,588,784.00
2. Expenses, Including Attorneys Fees:     $ 97,748.23 as of September 28, 2009

As you are aware, if Temple-Inland's conduct is found to have been committed intentionally, Cimino Brothers Produce may recover damages up to three times economic damages plus court costs and reasonable attorney's fees, or $19,766,352.00 plus a conservative estimate of $250,000.00 should this matter be resolved at trial.

Please understand that this demand is made in the spirit of compromise. According to my analysis, the demand represents a tremendous savings to Temple-Inland given Temple-Inland's knowing and/or intentional behavior, as those terms are defined and applied under the D.T.P.A. I hope Temple-Inland views this demand as a good faith, conservative effort on our part to expeditiously resolve this litigation on amicable terms.

If the claim made by my client on November 11, 2009 is not fully paid in the amount above within 60 days, my client has authorized me to amend his s uit against Temple-Inland t o a llow appropriate remedies under the D.T.P.A. I would expect to recover not only our actual damages, but also prejudgment interest, attorney's fees, and additional damages as provided by the D.T.P.A.

I trust you will immediately respond, in writing, to this formal demand letter. If you have any questions regarding this matter please contact me.

Very truly yours,

PERSON, WHITWORTH,
BORCHERS & MORALES, L.L.P.

D. Clay Person
Attorneys for Cimino Brothers Produce

cc: Cimino Brothers Produce

# EXHIBIT B

# Temple-Inland

## Security Agreement

It is agreed Cimino Brothers Produce ("Buyer") agrees to pay all invoices of TIN Inc. DBA Temple-Inland ("Seller") within mutually agreed upon terms and further agrees to all terms and conditions contained in invoices supplied by Seller as may be amended from time to time by mutual agreement.

If legal action becomes necessary by either Buyer or Seller, the Buyer agrees that this or any contemporaneous or subsequent agreement will be governed as to validity, interpretation, construction, effect and all other respects by laws of the State of Texas. Buyer further agrees that in the event legal action becomes necessary by either Buyer or Seller, jurisdiction and preferred venue shall remain in Travis County, in the state of Texas.

Buyer further agrees that any line of credit desired or approved is not a limitation of liability, and the undersigned expressly agrees that it will be responsible for valid charges in excess of a line of credit either desired or approved.

The Buyer further grants to seller a security interest in Buyer's equipment, contract rights, inventories, receivables and proceeds of sales as collateral to secure the Buyer's performance of all obligations.

All of the information supplied by Buyer is correct to the best of the knowledge of the undersigned, and the Buyer understands that all goods or services purchased from Seller are subject to all terms and conditions contained in this agreement and all other terms and conditions contained on any of the Seller's invoices.

Buyer's Authorized Representative:

*Phil Catalano*
Print Name

*Phil Catalano*
Signature

*N/A*
State of Incorporation

*77-0303430*
Tax Identification Number

*Controller*
Title

*1/38/08*
Date

S:/CREDCOLL/Forms/2007/Security No Int or coll1.doc

# EXHIBIT C

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Cimino Brokerage Company dba Cimino Brothers Produce | Case Number:<br>09-60291 ASW 11 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>TIN Inc. dba Temple-Inland | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>James A. Tiemstra (#96203)<br>Law Offices of James A. Tiemstra, 409 Thirteenth Street, 15th Floor<br>Oakland, CA 94612 | **Court Claim Number:**_____<br>(*If known*) |
| Telephone number:<br>(510) 987-8000 | Filed on: _____ |

| | |
|---|---|
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

| | | |
|---|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $            916,554.04 | | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5. | | |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**   Receivables secured by Security Agreement & UCC Financing Statement<br>(See instruction #2 on reverse side.) | | |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ | | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| Nature of property or right of setoff:  ☐ Real Estate     ☐ Motor Vehicle     ☑ Other<br>Describe:  Equipment, contract rights, inventories, receivables, and proceeds of sales | | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). |
| Value of Property:$_____   Annual Interest Rate_____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $     916,554.04     Basis for perfection:  Security Agreement & UCC Financing Statement | | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| Amount of Secured Claim: $     916,554.04   Amount Unsecured: $_____ | | |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) | | **Amount entitled to priority:**<br><br>$_____ |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>03/12/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>JAMES A. TIEMSTRA, Attorneys for creditor TIN Inc. dba Temple-Inland | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Summary of Secured Claim of Creditor TIN INC. DBA TEMPLE-INLAND
Cimino Brokerage Company dba Cimino Brothers Produce;
Bankruptcy Case No. 09-60291 AWW 11; Chapter 11

The secured claim of creditor TIN INC. DBA TEMPLE-INLAND for
receivables secured by the Security Agreement dated January 28, 2008, and the UCC
Financing Statement filed February 11, 2008, is $916, 554.04.*

* PLUS ANY INTEREST ALLOWABLE BY LAW, ATTORNEYS' FEES AND
COSTS; AND ANY ADDITIONAL FEES, COSTS OR EXPENSES THAT HAVE
ACCRUED, CONTINUE TO ACCRUE, OR WHICH MAY ACCRUE IN THE
FUTURE; ALL OF WHICH CLAIMANT HEREBY ASSERTS AS PART OF THIS
CLAIM.



# Temple-Inland

## Security Agreement

it is agreed Cimino Brothers Produce ("Buyer") agrees to pay all invoices of TIN Inc. DBA Temple-Inland ("Seller") within mutually agreed upon terms and further agrees to all terms and conditions contained in invoices supplied by Seller as may be amended from time to time by mutual agreement.

If legal action becomes necessary by either Buyer or Seller, the Buyer agrees that this or any contemporaneous or subsequent agreement will be governed as to validity, interpretation, construction, effect and all other respects by laws of the State of Texas. Buyer further agrees that in the event legal action becomes necessary by either Buyer or Seller, jurisdiction and preferred venue shall remain in Travis County, in the state of Texas.

Buyer further agrees that any line of credit desired or approved is not a limitation of liability, and the undersigned expressly agrees that it will be responsible for valid charges in excess of a line of credit either desired or approved.

The Buyer further grants to seller a security interest in Buyer's equipment, contract rights, inventories, receivables and proceeds of sales as collateral to secure the Buyer's performance of all obligations.

All of the information supplied by Buyer is correct to the best of the knowledge of the undersigned, and the Buyer understands that all goods or services purchased from Seller are subject to all terms and conditions contained in this agreement and all other terms and conditions contained on any of the Seller's invoices.

Buyer's Authorized Representative:

Phil Catalano
Print Name

Phil Catalano
Signature

N/A
State of Incorporation

77-0308410
Tax Identification Number

Controllo
Title

1/28/08
Date

S:/CREDCOLL/Forms/2007/Security No Int or coll1.doc



**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Lisa Hays, (512) 434-3946

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

```
┌                                              ┐
  Temple-Inland Credit Dept.
  Attn: Lisa Hays
  PO BOX 685069
  Austin, TX 78768-5069

└                                              ┘
```

**08-7147629761**

**02/11/2008 17:00**

**FILED**

CPL (FORMER
SECRETARY OF STATE
SOS

15053420002   WEB & FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Cimino Brothers Produce | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33 West Market Street | Salinas | CA | 93901 | US |

| 1d. ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|
| | Partnership | California | TAX ID: 77-0308480 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| TIN Inc. DBA Temple-Inland | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 685069 | Austin | TX | 78768-5069 | US |

4. This FINANCING STATEMENT covers the following collateral

equipment, contract rights, inventories, receivables, and proceeds of sales

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | |

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT (FORM UCC1) – CALIFORNIA (REV 01/01/08)