Bernard R. Given II (State Bar No. 134718)
  bgiven@frandzel.com
Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.co,
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
Bank of America, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CIMINO BROKERAGE COMPANY dba CIMINO BROTHERS PRODUCE,<br><br>Debtor. | CASE No.: 09-60291-ASW<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION FOR ORDER:**<br><br>(1) CLARIFYING CONFIRMED PLAN OF REORGANIZATION; AND<br><br>(2) CONVERTING OR DISMISSING THIS CASE<br><br>Date: January 25, 2010<br>Time: 2:15 p.m.<br>Ctrm: 3020<br>280 South First Street, Third Floor<br>San Jose, CA 95113 |

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:**

Bank of America, N.A. (the "Bank") a secured creditor of the Reorganized Debtor Cimino Brothers Produce, LLC (the "Reorganized Debtor"), submits this Memorandum of Points and

Authorities in support of its Motion For an Order Clarifying the Confirmed Plan of Reorganization as follows:

## I. INTRODUCTION

The Reorganized Debtor defaulted under the confirmed Plan of Reorganization ("the Plan"). The Plan contains a broad injunction, however, and specifies that this Court retains jurisdiction to hear any disputes arising from the Plan. The Bank seeks an order confirming that the injunction does not apply so that the Bank may proceed with its non-bankruptcy law rights and remedies and directing the Reorganized Debtor to make the payments and sell the equipment required by the Plan, or face dismissal or conversion of its Chapter 11 case.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, the Order (defined below), and the Plan. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. STATEMENT OF FACTS

The Court entered an order on August 31, 2010 (the "Order") confirming the First Amended Plan Dated as of June 16, 2010 proposed by Cimino Brokerage Company dba Cimino Brothers Produce (the "Debtor"). (Request for Judicial Notice, hereinafter "RJN," Ex. 1.) Pursuant to the Order the Debtor became the Reorganized Debtor, and succeeded to all of property of the estate. The Order provides that it is binding on "any entity acquiring property under the Modified Plan, and any and all of the Debtor's creditors…" (RJN, Ex. 1, p. 10:14-17.) The Order further provides that this Court retains jurisdiction of this case. (RJN, Ex. 1, p. 12, ¶ Q.)

The Plan similarly provides for a broad retention of jurisdiction:

The Plan provides for a broad retention of jurisdiction by the Bankruptcy Court including, without limitation, the following: (i) interpretation, implementation and

enforcement of the Plan...(ii) determination of any and all motions...and contested or litigated matters that...may be instituted by...any other party in interest after the Effective Date...and (vi) to hear and determine any actions or controversies by or against the Debtor, the Reorganized Debtor...

(RJN, Ex. 2, p. 60:8-22.)

The Plan further sets forth that:

...all entities who have held, hold or may hold Claims or Interests are permanently enjoined, from and after the Effective Date, from: (1) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Interest against the Debtor, its estate, or the Reorganized Debtor...(3) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, its estate, or the Reorganized Debtor and/or against the Property or interests in Property of any of the foregoing...

(RJN, Ex. 2, p. 57:11-23.) The Plan broadly defines Claim as any" right to payment from the Debtor...[whether] secured...as defined in Bankruptcy Code Section 101(5)." (RJN, Ex. 2, p. 5:18-25.)

Class 3 of the Plan identifies the Bank's claim as being secured by a cooling warehouse and cooling equipment in Laredo, Texas. The Plan specified that the Bank's claim would be reduced by three principal payments and the cooling equipment would be sold by the Debtor within 90 days, with the proceeds to be turned over to the Bank. (RJN, Ex. 2, p. 8:14-25, p. 9:1-5.)

The Reorganized Debtor has not made payments for October, November, and December. (Perez Decl. ¶ 3; Ex. 3.) In addition, the Bank has also been advised that the Reorganized Debtor no longer seeks to sell the cooling equipment and turn over the proceeds to the Bank, but instead intends to retain the equipment. As a result, the Reorganized Debtor is in default under the Plan.

## IV. ARGUMENT

Section 1142(b) of the Bankruptcy Code provides that the Court may "direct the debtor and

780940.1 | 009035-0095

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CLARIFYING, CONFIRMED PLAN OF REORGANIZATION

Case: 09-60291    Doc# 205    Filed: 12/22/10    Entered: 12/22/10 17:40:53    Page 3 of 5

any other necessary party to execute or deliver…and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan." 11 U.S.C. § 1142(b). "Subsection (b) implicitly contemplates a creditor, shareholder, or other party affected by the plan moving for an order which triggers the court's authority to direct a recalcitrant debtor other party to perform acts necessary to consummate the plan." *In re Harlow Props, Inc.*, 56 B.R. 794, 798 (B.A.P. 9th Cir. 1985).

Moreover, an aggrieved creditor may seek conversion or dismissal of a case if there has been a default under a confirmed plan of reorganization. 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(N); *see also In re Jordan Mfg.*, 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992). Alternatively, aggrieved creditors may seek to enforce their rights in state court, without seeking the guidance of the Bankruptcy Court. As one court stated:

> When a Chapter 11 plan is confirmed and the debtor fails to pay, the creditors' remedy is…to enforce the debtor's obligation to the creditor arising out of the Chapter 11 proceeding.

*In re Curry*, 99 B.R. 409, 410-411 (Bankr. C.D. Ill. 1989). Furthermore, it is well-settled that Bankruptcy Courts have the inherent authority to interpret their own orders pursuant to Section 105(a) of the Bankruptcy Code.

In this instance, the Reorganized Debtor failed to make payments pursuant to the confirmed Plan. The Debtor has also not sold the icing equipment as provided for in the Plan and intends to keep the equipment. As a result, the Reorganized Debtor committed <u>material</u> defaults under the Plan. While the Court has ample authority to dismiss or convert this case, the Bank primarily seeks an order determining that it can enforce its non-bankruptcy rights and remedies. Accordingly, the Bank should be allowed to pursue its state law remedies.

## V. <u>RELIEF REQUESTED</u>

Based on the arguments and authorities set forth above, the Bank respectfully requests that the Court enter an order: (a) affirming the adequacy of the notice given; (b) determining that the Bank is not enjoined from enforcing its non-bankruptcy law rights and remedies; and (c) ordering

the Reorganized Debtor to make the payments required by the Plan and perform the Plan's requirements or face dismissal or conversion of its Chapter 11 case.

DATED: December 21, 2010

Respectfully submitted,
FRANDZEL ROBINS BLOOM & CSATO, L.C.
BERNARD R. GIVEN II
MICHAEL J. GOMEZ

By: /s/ Michael J. Gomez
    MICHAEL J. GOMEZ
    Attorneys for Bank of America, N.A.