1  Richard A. Solomon, SBN 82923
   Pamela LaBruyere, SBN 159233
2  SOLOMON, GRINDLE, SILVERMAN
     & WINTRINGER,
3  A Professional Corporation
   12651 High Bluff Drive, Suite 300
4  San Diego, California  92130
   (858) 793-8500
5
   Attorneys for Creditor,
6  HITACHI CAPITAL AMERICA CORP.

7

8              UNITED STATES BANKRUPTCY COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10 In re:                          )  Case No: 5:09-bk-60291
                                   )
11 CIMINO BROKERAGE COMPANY dba    )  Chapter 11
   CIMINO BROTHERS PRODUCE,        )
12                                 )  **MOTION FOR CONVERSION OF CASE**
          Reorganized Debtor .     )  **FOR FAILURE TO SUBSTANTIALLY**
13                                 )  **CONSUMMATE CONFIRMED PLAN OF**
                                   )  **REORGANIZATION AND FOR**
14                                 )  **TURNOVER OF EQUIPMENT AND**
                                   )  **PAYMENT OF ADMINISTRATIVE CLAIM**
15                                 )  **AND POINTS AND AUTHORITIES IN**
                                   )  **SUPPORT**
16                                 )
                                   )  Date:   January 25, 2011
17                                 )  Time:   2:15 p.m.
                                   )  Ctrm:   3035
18                                 )  Place: 280 South First Street, San Jose, CA 95113
                                   )
19 ─────────────────────────────── )  Judge: Hon. Arthur S. Weissbrodt
                                   )
20

21      HITACHI CAPITAL AMERICA CORP. ("Hitachi") respectfully submits this Motion for

22 Conversion of Case for Failure to Substantially Consummate Confirmed Plan of Reorganization and for

23 Turnover of Equipment and  Payment of Administrative Claim and Points and Authorities in Support.

24 This motion is based upon the authorities attached hereto and the Declaration of Gary Gray ("Gray

25 Declaration") in support filed concurrently herewith.

26                         **BACKGROUND FACTS**

27      The Debtor, CIMINO BROKERAGE COMPANY dba CIMINO BROTHERS PRODUCE

28 ("Debtor") filed this proceeding on November 24, 2009.  Its First Amended Plan of Reorganization

─────────────────────────
                    1
              MOTION TO CONVERT CASE

dated as of June 16, 2010 ("Plan") was confirmed by this court's order dated August 31, 2010. The Debtor is now a reorganized debtor as the effective date of the Plan was October 1, 2010 ("Effective Date).

As background regarding the Hitachi claim, Debtor entered into a Lease Agreement, Lease No. 8348033001 ("Lease 001") with General Electric Capital Corporation ("GE") wherein GE agreed to lease certain equipment to Debtor on October 12, 2007. A true and correct copy of Lease 001 is attached to the Gray Declaration as Exhibit "A" and is incorporated herein by this reference.

On or about October 30, 2007, Debtor entered into a Lease Agreement, Lease No. 8348033002 ("Lease 002") with GE wherein GE agreed to lease certain equipment to Debtor. A true and correct copy of Lease 002 is attached to the Gray Declaration as Exhibit "B" and is incorporated herein by this reference.

On or about November 8, 2007, Debtor entered into a Lease Agreement, Lease No. 8348033003 ("Lease 003") with GE wherein GE agreed to lease certain equipment to Debtor. A true and correct copy of Lease 003 is attached as Exhibit "C" to the Gray Declaration and is incorporated herein by this reference.

GE has assigned all right, title and interest to Lease 001, Lease 002 and Lease 003 to Hitachi. A true and correct copy of said Assignment is attached as Exhibit "D" to the Gray Declaration and is incorporated herein by this reference. Hitachi is the sole owner and holder of the ownership interest in the personal property described in Lease 001, Lease 002 and Lease 003 (collectively, "Personal Property").

Debtor, pursuant to the terms of its Plan, assumed Lease 001 and rejected Lease 002 and Lease 003. Debtor has been in possession of and used the Personal Property in the operation of its business from the date of the filing of his Bankruptcy Petition on November 4, 2009, to the date hereof. The reasonable rental value for the Personal Property is equal to the rent which was agreed upon and set forth in Lease 001, Lease 002 and Lease 003.

Hitachi previously filed a motion for allowance and payment of administrative expense claim for Lease 002 and Lease 003 ("Admin Claim Motion") that was set for hearing on October 26, 2010. The Admin Claim Motion was resolved by stipulation and the Debtor paid Hitachi the sum of $3,812.39 on

the allowed claim ("Payment"). This Payment purported to bring Hitachi current on Lease 002 and Lease 003 through August 31, 2010. Subsequent to the Payment, Hitachi learned that one check pertaining to Lease 003 in the amount of $1,331.10 was never received by Hitachi. This payment should have been included in the amounts due pursuant to the stipulation in settlement of the Admin Claim Motion. Thus, Hitachi asserts an additional administrative claim in that amount and requests payment of same.

Further, the Debtor's plan of reorganization confirmed by the Court's order entered August 31, 2010 ("Plan"), provides that Lease 002 and Lease 003 are rejected. The Debtor's Plan also provides that Lease 001 was assumed. The Plan stated the cure amount in the sum of $4,001.56 would be paid upon confirmation. The Debtor has failed to remit this payment to Hitachi.

Despite many attempts by Hitachi, the Debtor has failed and refused to turn over the equipment that is the subject of Lease 002 and Lease 003, nor has Debtor made any payments due on Lease 002 or Lease 003 since the Payment. In addition, the Debtor has not made any post-confirmation payments on Lease 001.

## POINTS AND AUTHORITIES

The Court retained jurisdiction over this matter by Paragraph Q of its Order re: Confirmation of First Amended Plan of Reorganization Dated as of June 16, 2010 ("Confirmation Order") entered August 31, 2010 and the Debtor's Plan.

Section 1112 (b) (4) of the Bankruptcy Code provides that conversion for cause and cause includes the following (*inter alia*):

(B)     Gross mismanagement of the estate: . . .

(E)     Failure to comply with order of the court; . . . .

(M)     inability to effectuate substantial consummation of a confirmed plan;

(N)     material default by the debtor with respect to a confirmed plan. . . .

A court determines whether conversation is appropriate based upon best interest of the creditors. *In re Staff Inv. Co.*, 146 B.R. 256 (Bankr. E.D. Cal. 1992).

In the instant case, Debtor has mismanaged the estate, failed to comply with the Confirmation Order, failed to consummate the Plan and default under the terms of the Plan as follows:

MOTION TO CONVERT CASE

1.   Debtor's Plan and Paragraph E of the Confirmation Order requires Debtor to cure Lease 0001 by paying $4,001.05 by the Effective Date. Debtor has not paid this amount.

2.   Debtor's Plan and Paragraph M of the Effective Date provides the Debtor rejected Lease 002 and Lease 003, yet Debtor has not turned over the equipment, nor paid any post-petition rents.

3.   Paragraph 31 of the Confirmation Order requires the Debtor to file Post-Confirmation Status Reports. Debtor has not filed the required reports.

Regarding Lease 002, the Debtor must turn over the equipment and remit payment for the months of September, October, November and December, 2010 ($2,541.59 x 4 = $10,166.36).

Regarding Lease 003, the Debtor must turn over the equipment and remit payment for the months of August, September, October, November and December, 2010 ($1,331.10 x 5 = $6,655.50).

Regarding Lease 001, the Debtor must turn over payments for the Cure amount of $4,001.56, and post-confirmation payments for the months of September, October, November and December, 2010 ($4,001.06 x 5 = $20,005.30).

The Debtor currently owes Hitachi $36,827.16 through December 2010, plus the turnover of the Personal Property. In addition, payments continue to accrue commencing January 2011.

Hitachi has suffered harm and injury by Debtor's continued use of the Personal Property, which was depreciating in value during the pendency of this proceeding, and by Debtor's failure to provide Hitachi with the equipment and rent payments.

**CONCLUSION**

Hitachi prays that this Court enter its order as follows:

A.   Converting this case to one under Chapter 7;

B.   Allowing Hitachi's administrative claim on pertaining to Lease 003 in the amount of $1,331.10 in accord with the Admin Claim Motion;

C.   Ordering the Debtor to turnover the Personal Property and remit post-confirmation payments in the amount of $16,821.86 pertaining to Lease 002 and Lease 003;

D.   Ordering the Debtor to remit the Lease 001 cure payment and post-confirmation payments totaling $20,005.30;

4

1     E.      Granting such other and further relief as this Court deems just and proper.

2

3 Dated:  December 22, 2010          SOLOMON, GRINDLE, SILVERMAN
                            & WINTRINGER, APC

4

5                           By _____

6                             Pamela LaBruyere
                        Attorneys for Hitachi Capital America Corp.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 09-60291    Doc# 209    Filed: MOTION TO CONVERT CASE 12/23/10 12:19:28    Page 5 of 5