EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, # 264983
United States Department of Justice
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax:      (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

CIMINO BROKERAGE COMPANY,
a California general partnership,

Debtor.

Case No. 09 6 0291 ASW

Chapter 11

Date:   July 18, 2011
Time:   2:00 p.m.
Place:  Courtroom 3020

**MOTION BY UNITED STATES TRUSTEE
TO CONVERT CHAPTER 11 CASE TO CHAPTER 7**

PLEASE TAKE NOTICE that at the above date and time <u>at 280 South First St., Courtroom 3020, San Jose, California, 95113</u>, the United States Trustee ("UST") will, and hereby does, move the Court for the entry of an order converting this case from Chapter 11 to Chapter 7. In support of this motion the UST requests that the Court take judicial notice of its own records in this case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. In further support of this motion, the UST submits the declaration of Lynne C. Knight (the "Knight Decl.") simultaneously herewith.

## I. INTRODUCTION.

This motion is made pursuant to 11 U.S.C. Section 1112(b). Debtor Cimino Brokerage Company (the "Debtor") has materially defaulted on its plan of reorganization by failing to pay its statutorily mandated UST fees, which is grounds for conversion

pursuant to Section 1112(b)(4)(K) and (N).

## II. DISCUSSION

### A. Debtor Has Materially Defaulted On Its Plan Of Reorganization.

On the request of a party in interest or the UST, for cause shown the Court may convert a Chapter 11 case to a case under Chapter 7 or may dismiss the case, whichever is in the best interests of creditors and the estate. 11 U.S.C. Section 1112(b)(1). One of the enumerated examples of "cause" in Section 1112(b) is a material default by the debtor with respect to a confirmed plan. 11 U.S.C. Section 1112(b)(4)(N).

The Order Re: Confirmation Of First Amended Plan Of Reorganization Dated As Of June 16, 2010, filed and entered on August 31, 2010 (the "Confirmation Order") provides in pertinent part:

> <u>Post-Confirmation Status Reports</u>. Within 30 days following the end of the calendar quarter in which the plan was confirmed, the Debtor shall file a post-confirmation report ("Quarterly Report") in a format provided by the United States Trustee. Subsequent Quarterly Reports must be filed within 30 days following the end of each subsequent calendar quarter until entry of a final decree . . .
>
> <u>Quarterly Fees</u>. The Reorganized Debtor shall be responsible for timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. section 1930(a)(6).

Confirmation Order, p. 7, l. 24 - p. 8, l. 10.

The Debtor has failed to file monthly operating reports with the Clerk of the Bankruptcy Court for August 2010 and September 2010, and has failed to file a post-confirmation operating report with the Clerk of the Bankruptcy Court for the first quarter of 2011. Knight Decl., paragraphs 1 - 2.

In addition, the Debtor has failed to pay quarterly fees for the first quarter of 2011 in the estimated amount of $9,750. Because the Debtor is delinquent in filing the required operating reports, the United States Trustee is unable to calculate actual fees due through the first quarter of 2011. Knight Decl., paragraph 3.

The Debtor's failure to file quarterly reports and pay quarterly fees constitutes

Motion By UST To Convert
Chapter 11 Case To Chapter 7
Case: 09-60291  Doc#: 268  Filed: 06/17/11  Entered: 06/17/11 16:32:37  Page 2 of 3

2

a material default under the plan, which is cause for conversion of this case to chapter 7.

**B.     The Debtor Has Failed To Pay Its Statutorily Mandated Quarterly Fees To The United States Trustee.**

A debtor in a chapter 11 case is obligated to pay a fee to the UST for each quarterly period, including any fraction thereof, from the date the petition is filed until the case is closed by the Court, converted or dismissed, whichever occurs first. 28 U.S.C. Section 1930(a)(6). The nonpayment of this fee is defined by statute as sufficient "cause" to convert or dismiss a Chapter 11 case. 11 U.S.C. Section 1112(b)(4)(K).

The Debtor in this case has failed to pay estimated quarterly fees of $9,750 for the first quarter of 2011. Knight Decl., paragraph 3. The Debtor's failure to fulfill this statutorily mandated obligation constitutes independent grounds for the Court to convert this case to Chapter 7.

## III.  CONCLUSION

Because the Debtor has materially defaulted under the Plan, and has failed to pay its statutorily mandated UST fees, the UST requests the Court to convert this case from Chapter 11 to Chapter 7, or to grant such other relief as the Court deems just and proper.

Dated: June 17, 2011                    Respectfully submitted,

August B. Landis
Acting United States Trustee

By:     / s /     Nanette Dumas
Nanette Dumas
Attorney for the U.S. Trustee